## Case No. 1,343.

### BERLIN et al. v. JONES.

[1 Woods, 638.][1]

Circuit Court, S. D. Alabama. Dec. Term, 1871.

CIRCUIT COURT—JURISDICTION—AVERMENT OF DIVERSE CITIZENSHIP.

An averment in a declaration that a party defendant is a citizen of the southern district of Alabama is equivalent to an averment that he is a citizen of the state of Alabama, and is a sufficient averment of the latter fact.

[See Gassies v. Ballon, 6 Pet. (31 U. S.) 761.]

[At law. Action by Berlin & Son against Jones. Defendant demurs to declaration. Demurrer overruled.]

John P. Southworth, for plaintiffs.
Peter Hamilton, for defendant.

WOODS, Circuit Judge. The ground of demurrer is that it does not appear from the declaration that the court has jurisdiction of the matters and things therein complained of. The reason why it does not appear that the court has jurisdiction defendant's brief alleges to be: because the defendant is not averred to be a citizen of the state of Alabama, but of the southern district of Alabama. The judicial act, [Sept. 24, 1789,] § 11, (1 Stat. 78,) provides that "the circuit courts shall have original cognizance of all suits of a civil nature * * * when the suit is between a citizen of the state where the suit is brought and a citizen of another state." The citizenship of plaintiffs in the state of New York is distinctly averred, and the question presented is, whether it is sufficiently averred that defendant' is a citizen of the state of Alabama.

When the jurisdiction depends upon the character of the parties, it must be positively averred upon the record. Bingham v. Cabbot, 3 Dall. [3 U. S.] 382; Abercrombie v. Dupuis, 1 Cranch, [5 U. S.] 343; Wood v. Wagnon, 2 Cranch, [6 U. S.] 9; Capron v.

[1][Reported by Hon. William B. Woods, Circuit Judge, and here reprinted by permission.]

Van Noorden, Id. 126; Brown v. Keene, 8 Pet. [33 U. S.] 112; Jackson v. Ashton. Id. 148; Michaelson v. Denison, [Case No. 9,523.] In the case [Bingham v. Cabbot] in 3 Dall. [3 U. S.] 382, there was no averment whatever as to the citizenship of the defendant, and on that ground judgment was reversed. In Abercrombie v. Dupuis, [supra,] the plaintiff was averred to reside in the state of Kentucky, and the defendant was called "Charles Abercrombie, of the district of Georgia," there being no averment either that the plaintiff was a citizen of Kentucky, or the defendant of Georgia. In Wood v. Wagnon, [supra,] the plaintiff is described as a citizen of Pennsylvania, and the defendant as "James Wood of the state of Georgia." In both the cases last named the objection was taken that it did not appear that the plaintiff and defendant were citizens of different states, and upon that ground the judgment was reversed upon the authority of Bingham v. Cabbot, supra. In Michaelson v. Denison, [supra,] the plaintiff was described as Charles Michaelson of Bass End in the island of St. Croix. a foreign subject, viz., a subject of the king of Sweden. Livingston, [Circuit Justice,] said: "By the constitution of the United States the judicial power may extend to cases between citizens of a state and foreign subjects, but congress in the provision of the judicial act under that clause has restricted it to cases in which an "alien" is a party. He must be stated to be an alien in express terms. The court will take nothing by implication. Besides it is a non sequitur that because a man is a subject of a foreign power he is an alien; he may be at the same time a naturalized citizen of this state."

In Brown v. Keene, 8 Pet. [33 U. S.] 112, the petition averred that the plaintiff, Richard R. Keene, was a citizen of the state of Maryland, and that the defendant, Brown, was a citizen or resident of the state of Louisiana, holding his fixed and permanent domicil in the parish of St. Charles. The judgment was reversed because the petition did not positively aver that the defendant was a citizen of the state of Louisiana, but in the alternative that he was a citizen or resident. and because consistently with this averment he might be either. The decisions of this court, Marshall, [Chief Justice,] goes on to say, require that the averment of jurisdiction should be positive, that the declaration should state expressly the fact on which the jurisdiction depends.

It will be observed in these cases the judgments were reversed.

1. Because there was no averment whatever touching the citizenship of the plaintiff or of the defendant, or

2. Because the averment of the declaration as to one of the parties was, that he was of a named state, without distinctly alleging citizenship therein, or

3. That the fact of citizenship was stated in the alternative, or

4. That a party plaintiff was averred to be a foreign subject when the jurisdiction of the court extended only to aliens.

It seems clear that the case at bar is not to be controlled by either of the cases cited. Here citizenship is distinctly averred, but it is alleged to be citizenship in the southern district of Alabama, and not of the state of Alabama, and the precise question presented is whether under the rules of pleading, an averment that a party is a citizen of the southern district of Alabama is a sufficient averment of his citizenship in the state of Alabama?

It is a rule of pleading that it is not necessary to state matter of which the court takes judicial notice. Therefore, it is unnecessary to state matter of law, whether of the common law or public statute law. By a public act the court knows judicially that the southern district of Alabama is in the state of Alabama. What the court notices judicially is taken for granted, or as if set out at length in the pleading. So that this pleading must be considered precisely as if the averment objected to was that the defendant is a citizen of the southern district of Alabama, which is part of the state of Alabama. Taking the averment as it stands in the declaration, in connection with the other fact which the court assumes judicially to be the fact, I think the citizenship of the defendant in the state of Alabama, is sufficiently averred. I am strengthened in this view by the remarks of Marshall, C. J., in the case of Jackson v. Ashton, supra. In that case the citizenship of the plaintiff was well averred; the only question was, whether that of the defendant as a citizen of Pennsylvania was also well averred? He was described simply as William E. Ashton, of the city of Philadelphia. The chief justice said: "The only difficulty which could arise as to the dismissal of the bill presents itself upon the statement that 'the defendant is of Philadelphia.' This it might be answered shows that he is a citizen of Pennsylvania. If this question were new, the court might decide otherwise; but the decision of the court in the cases which have heretofore been before it has been expressed upon the point, and the bill must be dismissed for want of jurisdiction." I think the fair inference from this language is that if the averment had been that the defendant was a citizen of Philadelphia, the court would have held the averment good, taking judicial notice of the fact that Philadelphia was in the state of Pennsylvania. One thing is clear, that the court thought that the decisions on this question had already been pushed too far. We are asked to go a step beyond any decision heretofore made, and say that the averment that a party is a citizen of the southern district of Alabama, is not a sufficient averment that he is a citizen of the state of Alabama.

In some of the cases which I have examined, the party is alleged to be a citizen

of the district of Georgia, for instance. No objection seems to have been taken to this form of averment, but it was considered good both by court and counsel. The citizenship of defendant in the state of Alabama is, I think, sufficiently averred, and plea that he was not a citizen of Alabama would be a good traverse to the averment of the declaration. Demurrer overruled.